UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAWN E. DENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-18-159-G |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BRANDON SMITHWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-18-160-G |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

As contemplated (to an extent) at the pretrial conference held on March 23, 2020, civil trials in this district and across the country have been delayed by health restrictions imposed as a result of the COVID-19 pandemic. Having concluded that circumstances now permit civil trials to proceed, the Court sets the cases described above for trial on the Court's January 2021 civil trial docket. Further, and as set forth in more detail below, the Court determines that trial proceedings for these two cases, including hearings on pretrial matters and the trials themselves, shall be jointly conducted.

 *I.* *Background*

  On July 3, 2017, Plaintiffs Dent and Smithwick both were employed by Defendant

BNSF and working on a fully loaded grain train in Marland, Oklahoma, headed by two locomotives. Plaintiff Dent was seated inside the lead locomotive, and Plaintiff Smithwick was standing on a step in the lead locomotive, when the train went into an undesired emergency brake application, causing the rear of the train to collide with the lead locomotive. Both Plaintiff Dent and Plaintiff Smithwick allege that as a result of the incident, they have suffered physical and mental injury, as well as lost wages and earning capacity.

Plaintiff Dent and Plaintiff Smithwick filed their lawsuits in February 2018, employing the same counsel and both raising claims against Defendant BNSF of liability under: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act ("FSAA"), 49 U.S.C. §§ 20301 et seq.

On January 29, 2020, the Court ordered the parties in this matter to address whether the trials in the above-captioned actions should be consolidated for trial. In Case No. CIV-18-159-G, Plaintiff Shawn E. Dent has filed a Notice (Doc. No. 59), and Defendant BNSF Railway Company ("BNSF") has filed a Motion to Consolidate (Doc. No. 60). In Case No. CIV-18-160-G, Plaintiff Brandon Smithwick has filed a Notice (Doc. No. 58), and Defendant BNSF has filed a Motion to Consolidate (Doc. No. 59). Neither party has responded to the other's submission in either matter.

II.     Discussion

Rule 42(a) of the Federal Rules of Civil Procedure prescribes that "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue the actions." Fed. R. Civ. P. 42(a)(1).

2

"Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action." *Harris v. Ill-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (noting that consolidation has been ordered "[w]here the subject matter of the claims made in separate actions arise[s] out of the same transaction").

Here, the two lawsuits arose out of the same incident and share the same attorneys. They also share many legal and factual claims and issues, with considerable overlap of causation and damages questions. Presentation of evidence will require many of the same witnesses and exhibits. Requiring fact and expert witnesses to testify twice would likely cause "unnecessary and substantial expense to the parties and witnesses" and would be an "inefficient use of court resources." *Cisco v. Norfolk S. Ry.*, Nos. 2:12-739, 2:12-740, 2014 WL 1572582 at *4 (S.D.W. Va. Apr. 17, 2014).

Although Plaintiffs raise the possibility of juror confusion or conflation of the two employees—particularly in regard to medical-causation issues—the Court finds that "any potential prejudice can be avoided with jury instructions and interrogatories to the jury." *Cardenas v. W. Express*, No. CIV-14-186-R, Order at 5 (Doc. No. 313) (W.D. Okla. Feb. 6, 2020) (order consolidating lawsuits stemming from a multivehicle accident); *accord Cisco*, 2014 WL 1572582, at *4 (finding that the risk of jury confusion and prejudice from a joint trial "can be ameliorated through careful instructions and a properly structured verdict form").

Accordingly, the Court finds that these cases should be "join[ed]" for pretrial hearings and for trial. Fed. R. Civ. P. 42(a)(1). The Motions to Consolidate (Doc. No. 60

(No. CIV-18-159-G); Doc. No. 59 (No. CIV-18-160-G)) are GRANTED.  Hearings on pretrial matters and the trials themselves shall be jointly conducted.  Until further order, however, each lawsuit shall remain open under its current caption and case number.  The parties should continue to file documents in the relevant case or in both cases, as applicable.

IT IS SO ORDERED this 30th day of September, 2020.

_____
CHARLES B. GOODWIN
United States District Judge