UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. CIV-18-159-G |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is a Motion to Strike (Doc. No. 109) filed by Defendant BNSF Railway Company. Plaintiff Shawn E. Dent has filed no response within the time allowed.

Plaintiff's claims against Defendant are based upon injuries allegedly sustained in a railroad incident on July 3, 2017. Following the incident, Plaintiff visited physiatrist Pedro Murati, MD, several times, with the final visit taking place on December 6, 2017. *See* Def.'s Mot. at 1; *id.* Ex. 1 (Doc. No. 109-1). Dr. Murati was deposed in connection with this lawsuit on May 14, 2019.

On March 10, 2020, Plaintiff filed a designation of portions of Dr. Murati's testimony for use at trial. *See* Murati Dep. Designation (Doc. No. 84). Defendant now moves to strike and exclude this designated testimony pursuant to Federal Rule of Evidence 403 as unfairly prejudicial, confusing, and a waste of time. According to Defendant, since his last visit to Dr. Murati Plaintiff has undergone two shoulder surgeries and has been released by his surgeon to return to work. *See* Def.'s Mot. at 1. Dr. Murati's testimony therefore "paints an incomplete picture of [Plaintiff's] medical condition and is totally irrelevant." *Id.* at 2.

Plaintiff has offered no counter to Defendant's argument, and the Court deems the facts as alleged in the Motion confessed. *See* LCvR 7.1(g). Further, the Court agrees that presentation of Dr. Murati's deposition testimony would be misleading and confusing given Plaintiff's subsequent medical and employment events. *See* Fed. R. Evid. 403; *see also* Fed. R. Civ. P. 32(b); *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999) ("[T]he admission of deposition testimony . . . remains subject to the sound discretion of the trial court, and it has a perfect right to limit the use of the material if the deposition is repetitious or immaterial." (alterations, citation, and internal quotation marks omitted)).

IT IS THEREFORE ORDERED that Defendant's Motion to Strike (Doc. No. 109) is GRANTED. The portion of Dr. Murati's deposition testimony designated by Plaintiff (Doc. No. 84) is hereby STRICKEN and shall not be presented at trial.

IT IS SO ORDERED this 30th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge