UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-18-159-G |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the Court is the First Omnibus Motion in Limine (Doc. No. 91) filed by Defendant BNSF Railway Company ("BNSF"). Plaintiff Shawn E. Dent has responded (Doc. No. 110), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

I.     *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

    II.    *Defendant's Motion*

In this Motion, Defendant requests that the Court prohibit argument, testimony, or evidence regarding multiple topics, as outlined below.

    1. *Gross Wages or Gross Wage Losses*

Defendant argues that any reference to Plaintiff's gross wage or gross wage losses should be excluded as confusing and misleading because, "although past wage losses or lost future earnings are recoverable under the FELA," the Supreme Court has made clear "that compensable losses in FELA cases are limited to net wages after appropriate deduction for amounts that Plaintiff[] would have had to pay had [he] earned the wages during the normal course of [his] employment and which [he] will not have to pay out of any recovery." Def.'s Mot. at 2 (citing *Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490, 493 (1980)). Defendant also argues that any reference or argument that a damages award is subject to federal income tax should be excluded. *See id.*

Plaintiff agrees that he "can only recover net wage loss" as set forth in *Liepelt* and responds that he has no intention of arguing an entitlement to gross wage losses. Pl.'s Resp. at 2. Plaintiff explains, however, that his economic expert was required to review Plaintiff's past gross wages in conducting her calculations and that those figures are evident on the expert's written report. *See id.*; *id.* Ex. 1, Summary Report (Doc. No. 110-1). Plaintiff does not state any objection to Defendant's request regarding federal income tax.

Having reviewed Plaintiff's expert's report, the Court agrees that the gross-wages

2

figures are heavily relied upon in reaching the relevant taxable-wage income figures. *See* Summary Report at 1-2. It appears, therefore, that "the introduction of evidence of [Plaintiff's] gross wages will be relevant to the calculation of his net wages which clearly is the limit upon [Plaintiff's] recovery for lost wages." *Wilks v. BNSF Ry. Co.*, No. CIV-18-080, 2021 WL 1206399, at *1 (E.D. Okla. Mar. 30, 2021). "The jury can be properly instructed as to the calculation of recoverable wages in order to make this limitation clear." *Id.* Defendant's Motion is DENIED as to exclusion of any reference to gross wages but GRANTED insofar as it seeks to prohibit any evidence or argument to the effect that Plaintiff may recover gross rather than net wages. Further, the Motion is GRANTED insofar as it seeks to prohibit evidence or argument to the effect that a damages award is subject to federal income tax.

    2. *Injuries to Plaintiff Other than as Pled*

Defendant contends that references to injuries of Plaintiff that are not alleged in the Complaint would be irrelevant and prejudicial. *See* Def.'s Mot. at 3; Compl. (Doc. No. 1) ¶¶ 8, 14 (alleging that "Plaintiff suffered injuries and/or aggravated a pre-existing conduction to his back, left shoulder and neck."). Plaintiff states that he will not mention any body parts beside those identified in the Complaint. In light of Plaintiff's representation, this request is GRANTED.

    3. *Workers' Compensation*

Defendant asks that Plaintiff be precluded from referring to the instant case as "a workers' compensation case"—i.e., Plaintiff should not be permitted to argue that he can recover under FELA "simply because an on-the-job accident allegedly occurred." Def.'s

Mot. at 3-4.  Plaintiff responds that he has no intention of making any statement regarding workers' compensation to the jury.  In light of Plaintiff's representation, this request is GRANTED.

### 4. Inapplicable Causation Standards

Defendant asks that Plaintiff omit any reference to "but for" causation or other standards of proof that do not apply to this action.  Def.'s Mot. at 4.  Plaintiff responds that he does not plan to argue "but for" causation and that the jury will be instructed as to how he may recover for his injuries.  Pl.'s Resp. at 2-3.  In light of Plaintiff's representation, this request is GRANTED.

### 5. "Railroad Doctors"

Defendant argues that Plaintiff should be precluded from referring to medical personnel "whom [Plaintiff] ha[s] seen or been examined by at the request of the Defendant as the 'railroad doctor' or any similar reference" "unless it is sufficiently proven that such medical practitioner is in fact an employee of the Defendant."  Def.'s Mot. at 4-5.  Plaintiff answers that he does not intend to refer to such personnel as "railroad doctors" but that he is entitled to inform the jury if Defendant did in fact employ them to see Plaintiff and produce a report.  Pl.'s Resp. at 3.

The Court agrees with Plaintiff.  *See Wilks*, 2021 WL 1206399, at *2 ("Plaintiff is entitled to inform the jury as to which party retained the medical personnel, the purpose for their retention, and which party paid for their services.").  This request is DENIED.

### 6. Insurance Carriers

Defendant argues that any reference to examinations being performed "on behalf of

4

the insurance carrier" should be excluded. Def.'s Mot. at 5. Plaintiff agrees. In light of Plaintiff's representation, this request is GRANTED.

### 7. *Previous Railroad Operations*

Defendant asks that any reference to how Defendant or other railroads "conducted certain operations in the past" be excluded as unduly prejudicial and irrelevant. Def.'s Mot. at 5. Plaintiff agrees that he "does not need to go into past operations or other defects." Pl.'s Resp. at 4. In light of Plaintiff's representation, this request is GRANTED.

### 8. *Other Defects and Unrelated Acts*

Defendant requests exclusion of "[a]ny reference [to] other defects in the railroad's premises or equipment, or unrelated potentially negligent acts of the railroad." Def.'s Mot. at 6. Plaintiff agrees not to make such references. In light of Plaintiff's representation, this request is GRANTED.

### 9. *Financial Worth of Defendant*

Defendant seeks to exclude reference to its own financial worth and that of its parent company. Plaintiff states that he does not intend to address these subjects. In light of Plaintiff's representation, this request is GRANTED.

### 10. *Injuries Sustained by Spouse of Co-Plaintiff*

Defendant seeks to exclude any reference to any physical or mental injuries sustained by Brandon Smithwick's spouse on the basis that such evidence would be irrelevant and prejudicial. *See* Def.'s Mot. at 7. Plaintiff responds that this topic is inapplicable to him. Because there is no apparent reason to reference Mr. Smithwick's wife during the case as regards Mr. Dent, the request is GRANTED.

11. *Punitive Damages*

Defendant requests that any mention of punitive damages be disallowed. Plaintiff states that he does not intend to request or reference punitive damages. In light of Plaintiff's representation, this request is GRANTED.

12. *New Expert Opinions*

Defendant requests that the Court exclude any new testimony or opinions that Plaintiff's experts did not present in their written reports or deposition testimony. Plaintiff agrees that his experts should not opine on previously undisclosed matters. Such a nonspecific motion is "properly denied." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020). Further, "a motion in limine is not a procedure by which parties can secure judicial reinforcement of the ever-applicable Federal Rules of Evidence. It is also not an opportunity for counsel to conceive of every possible evidentiary contingency at trial . . . and obtain prophylactic rulings to prevent them." *Hemingway v. Russo*, No. 2:16-cv-00313, 2018 WL 6333788, at *1 (D. Utah Dec. 4, 2018).

13. *Defendant's Failure to Procure Witnesses*

Defendant requests that Plaintiff be prevented from offering evidence or argument "regarding depositions" or "the failure of the Defendant to bring witnesses live to trial that are available to either party." Def.'s Mot. at 8. Plaintiff has no objection.

Defendant does not explain what it means by "argument regarding depositions," and so that aspect of its request is DENIED. *See Cook v. Peters*, No. 13-cv-107, 2015 WL 10986407, at *1 (N.D. Okla. July 30, 2015) ("A court will generally not grant a motion in

6

limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on all potential grounds." (internal quotation marks omitted)). The request is otherwise GRANTED.

### 14. *Defendant's Violation of Statute, Regulation, or Guideline*

Defendant seeks to exclude reference to its violation of "any statute, regulation or guideline not specifically identified by Plaintiff[] during discovery." Def.'s Mot. at 8. Plaintiff raises no objection. Therefore, this request is GRANTED.

### 15. *The "Dangerous" Railroad and Railroad Industry*

Defendant argues that the Court "should exclude all references to the Defendant railroad or the railroad industry as 'dangerous.'" Def.'s Mot. at 9 ("Such labels constitute the impermissible use of reputation or character evidence to show dangerous conduct on a particular occasion, and its probative value is substantially outweighed by unfair prejudice to Defendant of this kind of characterization."). Plaintiff agrees not to refer to railroad work as an "inherently dangerous occupation," but he argues that the train collision at issue in this case certainly would constitute a "dangerous" condition. Pl.'s Resp. at 5.

The Court agrees with Defendant that the use of such a label to describe Defendant generally or the railroad industry generally "will have a prejudicial effect on [Defendant] and is also contrary to the purpose of [Federal Rule of Evidence] 404." *Wright v. BNSF Ry. Co.*, No. 4:13-CV-24, 2016 WL 1611595, at *6 (N.D. Okla. Apr. 22, 2016). Defendant has not shown, however, that all witnesses should be precluded from using the term when offering their personal opinion as to the specific events that transpired in this case. Accordingly, the request is GRANTED IN PART and DENIED IN PART. Plaintiff, his

witnesses, and counsel shall not refer to Defendant or the railroad industry generally as "dangerous" or "inherently dangerous." The Court will consider any specific objections to any other use of these or similar terms as they arise.

### 16. *Size of Defense Counsel's Law Firm*

Defendant requests to exclude any reference or argument concerning the size of Defendant's counsel's law firm. Plaintiff has no objection. In light of Plaintiff's representation, this request is GRANTED.

### 17. *News Stories Regarding Accidents or Investigations*

Defendants seeks to preclude reference to "news stories, articles and publications" "of any recent accidents involving [Defendant] and/or any investigation of [Defendant] by any governmental agencies regarding safety." Def.'s Mot. at 9. Defendant has informed the Court that this request is no longer outstanding. *See* Doc. No. 198. The request is DENIED AS MOOT.

### 18. *Employee Claim or Suit Involving Defendant*

Defendant asks that Plaintiff be precluded from referencing any other BNSF-related claim or lawsuit, or any associated testimony, without the Court first ruling as to relevancy, materiality, and admissibility. *See* Def.'s Mot. at 9. Plaintiff states that he does not intend to make any such references to claims or lawsuits; however, he reserves the right to seek to present evidence of similar train incidents if Defendant raises a foreseeability issue during trial. *See* Pl.'s Mot. at 5-6.

This request is GRANTED. The Court will allow Plaintiff to seek a ruling outside the jury's presence on the admissibility of any evidence he wishes to present regarding

similar incidents, as opposed to claims/suits, in the context of a dispute over foreseeability. *Cf. Romero v. Helmerich & Payne Int'l Drilling Co.*, No. 15-cv-00720, 2017 WL 3268878, at *2 (D. Colo. Aug. 1, 2017) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." (internal quotation marks omitted)).

### 19. Safer Alternative Methods or Superior Tools

Defendant seeks to preclude any reference to "safer alternative methods" or superior tools/equipment in the railroad industry "as an attempt to 'impermissibly expand[] the safe-workplace standard as requiring the safest alternative available.'" Def.'s Mot. at 10 (alteration in original) (quoting *Ezell v. BNSF Ry. Co.*, 949 F.3d 1274, 1282 (10th Cir. 2020) ("[T]o show railroad negligence, FELA requires plaintiffs to show an unsafe workplace—not a failure to provide the safest possible workplace.")). Plaintiff states that he does not believe such methods or tools will be at issue during the trial. The request is therefore GRANTED.

### 20. Exhibits Not Produced by Plaintiff

Defendant argues that Plaintiff should not be permitted to use exhibits or documents that have not been produced to Defendant. Plaintiff answers that, other than rebuttal documents, it will not use any documents that have not been produced to Defendant. Such a nonspecific motion is "properly denied." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020). Further, "a motion in limine is not a procedure by which parties can secure judicial reinforcement of the ever-applicable Federal Rules of Evidence. It is also not an opportunity for counsel to conceive of every possible evidentiary contingency at trial . . . and obtain prophylactic rulings to

prevent them." *Hemingway v. Russo*, No. 2:16-cv-00313, 2018 WL 6333788, at *1 (D. Utah Dec. 4, 2018).

21. *Discovery Objections*

Defendant requests exclusion of its discovery objections, as well as notations that discovery responses were produced pursuant to court order, that appear in Defendant's written discovery responses. Plaintiff states that he does not intend to refer to such objections. In light of Plaintiff's representation, this request is GRANTED. The parties are directed to confer as necessary regarding redactions, or alternatively stipulations, prior to seeking to introduce discovery responses.

## CONCLUSION

As outlined above, Defendant's First Omnibus Motion in Limine (Doc. No. 91) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 17th day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge