UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. CIV-18-159-G |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Second Motion in Limine (Doc. No. 92) filed by Defendant BNSF Railway Company ("BNSF"). Plaintiff Shawn E. Dent has responded (Doc. No. 111), Defendant has filed a Reply (Doc. No. 147), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

### I.  Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are

subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.     *Defendant's Motion*

In this Motion, Defendant requests that the Court prohibit Plaintiff from eliciting testimony at trial from five of Plaintiff's treating physicians—Drs. Hahn, Weimar, Strickland, Murati, and Prohaska—regarding causation, prognosis, and future disability. Plaintiff identified these physicians as nonretained experts and provided the relevant disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) on August 23, 2019. Pl.'s Resp. at 1; *see id.* Ex. 1 (Doc. No. 111-1). According to Defendant, however, causation testimony from these five physicians should be excluded for several reasons.

First, Defendant suggests that these physicians may not present expert opinion evidence pursuant to Federal Rule of Evidence 702 unless they have authored written reports under Federal Rule of Civil Procedure 26(a)(2)(B). *See* Def.'s Mot. at 2-7. The Court rejects this suggestion, as the language of Rule 26 makes clear that only witnesses "retained or specially employed to provide expert testimony in the case" and those "whose duties as the party's employee[s] regularly involve giving expert testimony" are required to produce a written report. Fed. R. Civ. P. 26(a)(2)(B); *see also Wilks v. BNSF Ry. Co.*, No. CIV-18-080, 2021 WL 1236780, at *1 (E.D. Okla. Mar. 31, 2021) (noting that Rule 26(a)(2) distinguishes between retained experts, "who are required to file an expert report," and other experts, "who are 'not required to provide a written report' subject to certain disclosures" (quoting Fed. R. Civ. P. 26(a)(2)(C))). There is no contention that these

2

physicians were retained or specially employed by Defendant, and thus there is no requirement that they provide a written report in order to testify under Rule 702.

Second, Defendant argues that, despite the Rule 26(a) disclosures for these physicians being provided in accordance with the Court's scheduling order, Plaintiff's failure to disclose the physicians' expert status until their depositions amounts to improper "trial by ambush." Def.'s Reply at 2. Defendant does not point to any request for supplemental discovery or depositions made or denied in the nearly two years that have passed since the expert disclosures were received. The Court rejects Defendant's request to exclude these physicians' opinions based upon the timing of Plaintiff's disclosures.

Third, Defendant argues that the physicians' expert disclosures are insufficiently specific as to the substance of each doctor's opinions regarding causation, prognosis, and future disability. *See* Def.'s Reply at 1-2. If Defendant wished to challenge the sufficiency of Plaintiff's Rule 26(a) disclosures, it was incumbent upon Defendant to engage in a meet-and-confer with Plaintiff and, if necessary, file a motion to compel with the Court. *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(A), (4); LCvR 37.1. A pretrial motion in limine is not the proper vehicle to seek relief on such a discovery dispute.

Finally, Defendant takes issue with the physicians' opinions themselves, arguing that their causation opinions rely upon information gleaned from sources other than their treatment of Plaintiff and so lie outside the scope of proper treating-physician testimony. *See* Def.'s Reply at 3-4; Def.'s Mot. at 5-9 (citing *Davoll v. Webb*, 194 F.3d 1116 (10th Cir. 1999)).[1] Defendant's reliance on *Davoll* for the proposition that "treating physicians

---

[1] To the extent Defendant challenges any physician's qualifications to offer these opinions

3

are not expert witnesses" is subject to question. Def.'s Mot. at 5. The Tenth Circuit in *Davoll* was considering the scope of permissible testimony given by a treating physician who testified as a lay witness. *See Davoll*, 194 F.3d at 1138. The appellate court did not address the issue raised here—i.e., the scope of permissible testimony by a treating physician who has been duly disclosed as an expert opinion witness—and this and Defendant's other cited decisions regarding nonexpert treating physicians are not determinative. *See generally Walker v. Spina*, No. CIV-17-0991, 2019 WL 145626, at *17-22 (D.N.M. Jan. 9, 2019) (discussing whether *Davoll*'s guidance regarding treating-physician testimony remains viable following the 2000 amendments to Federal Rule of Evidence 701).

The Court need not decide at this juncture whether Defendant is correct that the testimony of a treating physician who is testifying as both a fact witness and an expert "is limited to [his or her] actual treatment of the plaintiff," because Plaintiff represents that the proffered opinions *do* "entirely arise from the treating physician[s'] care and treatment of Plaintiff or review of medical records of [Plaintiff]." Def.'s Mot. 8; Pl.'s Resp. at 3. Even assuming the parameters set forth by Defendant apply, "A treating physician's testimony may include opinions regarding prognosis, the extent of present and future disability, and the need for future medical treatment, so long as the opinions are based on the physician's personal knowledge gained from the care and treatment of the plaintiff." *Wilks*, 2021 WL 1236780, at *1 (internal quotation marks omitted) (citing *Davoll*, 194 F.3d at 1138).

The testimony may also extend to opinions on causation, but only "to the

---

or the reliability of a physician's testimony under Rule 702, Defendant was obligated to file a *Daubert* motion in accordance with the deadline for such motions.

limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment." *Starling v. Union Pac. R. Co.*, 203 F.R.D. 468, 479 (D. Kan. 2001); *see also Richard v. Hinshaw*, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013) ("[M]atters within the scope of [treating physician's] treatment may include opinions about causation, diagnosis, and prognosis"); *Trejo v. Franklin*, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (stating that "treating physician opinions regarding causation and prognosis based on examination and treatment of the patient" are proper under Rule 26(a)(2)(C)).

*Id.* at *1-2 (internal quotation marks omitted). Accordingly, Plaintiff's treating physicians may testify regarding causation "if the determination of causation was integral to their treatment or was evident from their treatment of [Plaintiff]." *Id.* at *2. Further, if "their testimony was obtained from interviewing [Plaintiff] in order to ascertain the appropriate treatment for [Plaintiff], the testimony may be admissible." *Id.*

Plaintiff also indicates that certain of the physicians' causation opinions were elicited or endorsed during deposition by Defendant's own counsel. *See* Pl.'s Resp. at 3; *id.* Exs. 2, 3, 4 (Doc. Nos. 111-2, 111-3, 111-4). "[If] the treating physician is solicited for a causation opinion by [Defendant's] counsel . . . , [Defendant] will have opened the door for any such opinion testimony to be presented to the jury." *Wilks*, 2021 WL 1236780, at *2.

Wholesale exclusion is therefore not warranted at this time, as "it is possible that causation opinion testimony from the treating physicians will be admissible at trial." *Id.*

## CONCLUSION

For all of the above reasons, Defendant's Second Motion in Limine (Doc. No. 92) is DENIED.

5

IT IS SO ORDERED this 17th day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge