UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-18-159-G |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Third Motion in Limine (Doc. No. 93) filed by Defendant BNSF Railway Company ("BNSF"). Plaintiff Shawn E. Dent has responded (Doc. No. 112), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

### I.     Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II.     *Defendant's Motion*

In this Motion, Defendant requests that the Court prohibit Plaintiff from seeking recovery of certain medical expenses, namely: (1) Plaintiff's expenses that were paid by Plaintiff's worker-supplied health insurance or by Defendant; and (2) other bills that Plaintiff contends have not yet been paid by insurance or by Defendant. *See* Def.'s Mot. at 2-8.

As to the first category of expenses, Plaintiff raises no objection. *See* Pl.'s Resp. at 1 ("Plaintiff freely admits that he may not recover medical expenses paid by his railroad insurance plan."). Defendant's request is therefore GRANTED.

Regarding the second category, Defendant argues that Plaintiff failed to provide a timely computation or documentation for the $7832.52 claimed by Plaintiff in the parties' initial proposed final pretrial report of March 10, 2020. *See* Doc. No. 90, at 5 (Plaintiff claiming $7832.52 as damages for past medical and hospital expenses). The parties' amended proposed final pretrial report, filed April 22, 2021, identifies the lower sum of $1771.28 as Plaintiff's claimed damages for past medical and hospital expenses. *See* Doc. No. 183, at 6. The more recent amended report also states that Plaintiff provided a computation and the unpaid bills to Defendant on April 21, 2021. *See id.* at 6 n.3. It therefore appears that Plaintiff has now supplied the requisite computation and documents to Defendant for the reduced sum claimed as of April 22, 2021. Defendant's objection that

it lacks an explanation of this damages figure is now moot.[1]

Seeing nothing to suggest that Defendant now lacks its requested documentation or has been appreciably prejudiced otherwise, Defendant's request to preclude this request for damages based upon allegedly deficient disclosures is DENIED.

## CONCLUSION

As stated above, Defendant's Third Motion in Limine (Doc. No. 93) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 17th day of May, 2021.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge

---

[1] Plaintiff's Response also states that he hopes to have the payment of these bills completed prior to trial so that they need not be presented to the jury at all.