UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. CIV-18-159-G |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is the Fifth Motion in Limine (Doc. No. 96) filed by Defendant BNSF Railway Company ("BNSF"). Plaintiff Shawn E. Dent has responded (Doc. No. 114), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

    I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

### II.    *Defendant's Motion*

In this Motion, Defendant asserts that after the train collision at issue in this case, Defendant conducted an investigation into potential rules violations by the employees aboard and ultimately declined to pursue disciplinary action against Plaintiff. *See* Def.'s Mot. at 2. Defendant anticipates that Plaintiff will seek to introduce evidence of Defendant's decision not to pursue discipline. *See id.* at 2-3. According to Defendant, Plaintiff's attempt to use this evidence of a failure to discipline will confuse the issues before the jury and accordingly is prohibited under Federal Rule of Evidence 403. *Id.* Defendant also argues that "evidence of employee discipline (or the lack thereof) qualifies as a subsequent remedial measure" and so is not admissible to prove "negligence" or "culpable conduct." *Id.* at 3; Fed. R. Evid. 407; *cf. Bullock v. BNSF Ry. Co.*, 399 P.3d 148, 155-60 (Kan. 2017) (finding that evidence of post-accident employee discipline was a subsequent remedial measure that could not be admitted to show negligence or culpable conduct under Kansas law but that the railroad's post-accident investigation that preceded the disciplinary action was not a subsequent remedial measure).

Plaintiff responds that the disputed evidence demonstrates Defendant's placement of the blame for the incident upon Plaintiff and is "vital[l]y important" to Plaintiff's proof of mental anguish. Pl.'s Resp. at 2. Plaintiff, however, entirely ignores all of Defendant's legal arguments for exclusion.

It is not apparent to the Court that evidence of Defendant's decision not to pursue

disciplinary action is relevant to the claims or defenses being presented.  Because Plaintiff is presenting only a claim based on violation of the FSAA, Defendant may not (and in any event had previously stated it would not) assert a defense of contributory negligence.[1]  And it is unclear how evidence of Defendant's decision not to pursue disciplinary action against Plaintiff would have subjected Plaintiff to mental anguish.

## CONCLUSION

Defendant's Fifth Motion in Limine (Doc. No. 96) therefore is GRANTED.  Plaintiff may, however, raise the issue with the Court prior to introducing any such evidence or testimony.

IT IS SO ORDERED this 17th day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] Defendant also raises arguments as to the inadmissibility of the disciplinary decision for purposes of Plaintiff's rebuttal of a defense of contributory negligence on a FELA negligence claim.  Because Plaintiff is no longer pursuing such a claim, but only a claim premised upon an FSAA statutory violation, that defense is inapplicable and this basis for exclusion need not be considered.  *See Makovy v. Kan. City S. Ry. Co.*, 339 F. Supp. 3d 1242, 1248 (E.D. Okla. Oct. 16, 2018) ("When the claim is one of general negligence under FELA, a plaintiff's contributory negligence will not bar recovery, but may reduce damages.  By contrast, Defendant may not assert contributory negligence as a defense to Plaintiff's FSAA claim.  Rather, once a violation of the FSAA is established . . . a plaintiff's contributory negligence, if any, may not be considered at all." (omission in original) (citation and internal quotation marks omitted)).