UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAWN E. DENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-18-159-G |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is a Seventh Motion in Limine (Doc. No. 98) filed by Defendant BNSF Railway Company ("BNSF"). Plaintiff Shawn E. Dent has responded (Doc. No. 116), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

I.  Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

   II.     *Defendant's Motion*

In this Motion, Defendant seeks to exclude all evidence supporting any claim that Plaintiff would raise at trial for damages suffered due to psychological injuries as a result of the July 2017 train incident. According to Defendant, Plaintiff has not alleged or disclosed any such injury or damages claim during the course of this litigation and there is no basis for such a claim. *See* Def.'s Mot. at 1-2.

Plaintiff in his Response bypasses the pleading and notice issues, instead focusing upon the general availability of damages under FELA for emotional injuries associated with physical injuries. *See* Pl.'s Resp. at 1.

The Court agrees that there has been no pleading of such damages to date in Plaintiff Dent's case. *See, e.g.*, Compl. (Doc. No. 1) at 8, 14. Nor has Plaintiff included such a psychological-injury damages figure in the combined agreed final pretrial report or pointed to any evidence or computation to support such a claim in his Response. *See* Doc. No. 200, at 2, 5. Seeking a specific amount of such damages at trial therefore would result in an unfair surprise for Defendant:

> [I]f the plaintiffs intend to present evidence supporting a claimed amount of emotional distress, under Rule 26(a)(i)(a)(iii), they must disclose any evidentiary "materials bearing on the nature and extent of injuries suffered." And, even if they do not intend to present expert testimony or specific evidence but intend to ask the jury for a particular amount of damages for emotional distress, they should be required to disclose that amount, by range or estimate, to the defendants in advance of trial, rather than ambush them at trial.

*McCrary v. Country Mut. Ins. Co.*, No. 13-CV-507, 2014 WL 1871891, at *3 (N.D. Okla.

May 9, 2014). "While it is true that the ultimate amount of non-economic damages, if any, to be awarded [Plaintiff] will be determined by a jury," "that does not relieve [Plaintiff] from disclosing any specific evidence [he] intend[s] to [use] at trial in support of [his] request for emotional distress or from disclosing any dollar range [he] intend[s] to request from the jury." *Id.* at 4 (noting that a surprise request for a specific sum would be "contrary to the spirit and intent of the applicable discovery Rules"). Accordingly, Plaintiff shall not be permitted to claim a specific amount for psychological-injury damages at trial. *See id.* at *3-4; *see also Hancock v. Greystar Mngt. Servs., L.P.*, No. CIV-15-1095-R, 2016 WL 2889084 (W.D. Okla. May 17, 2016) ("If Plaintiff intends to request a specific dollar amount for her emotional or dignitary harm damages to the jury, then she must respond to Defendant's discovery request and provide a computation of the same. Otherwise, she may not request from or suggest to the jury a specific amount or range of compensation for these damages." (citing Fed. R. Civ. P. 37(c))).

As to other evidence or testimony relating to non-economic injury or damages, the Court will hear and determine any objection made during trial.

## CONCLUSION

For the reasons outlined above, Defendant's Seventh Motion in Limine (Doc. No. 98) is GRANTED to the extent set forth above and otherwise DENIED.

IT IS SO ORDERED this 17th day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge

3