UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-18-159-G |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is an Eighth Motion in Limine (Doc. No. 99) filed by Defendant BNSF Railway Company ("BNSF"). Plaintiff Shawn E. Dent has responded (Doc. No. 117), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

### I. Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

    II.    *Defendant's Motion*

Defendant requests that the Court disallow any argument or evidence at trial related to Plaintiff's alleged future wage loss or lack of earning capacity as unduly speculative. According to Defendant, because Plaintiff has now returned to the same position at BNSF that he held prior to the accident, Plaintiff "does not have any future wage losses or a loss of earning capacity" and, therefore, Plaintiff's expert witnesses' opinions to the contrary are outdated and irrelevant. Def.'s Mot. at 1-4.

Plaintiff objects that unless Defendant is going to guarantee his continued employment, his capacity to earn money in the future is still a viable damages issue. *See* Pl.'s Resp. at 1. Plaintiff also identifies a post-incident gap in employment and argues that his experts' opinions are still relevant because "[i]f the jury believes Plaintiff will lose his job as an engineer with Defendant, they may award damages for the loss of future earning capacity." *Id.* at 2.

Defendant fails to establish that the fact of Plaintiff's current employment negates any claim or prospect of a loss of future wages or earning capacity. Indeed, accepting this premise would require undue speculation that Plaintiff can and wants to keep working at his position with BNSF for the remainder of his career. Nor does Defendant show that Plaintiff's experts' opinions are rendered entirely irrelevant by his employment. The Court, however, will consider any reasoned objections to these experts' testimony as they arise.

CONCLUSION

Defendant's Eighth Motion in Limine (Doc. No. 99) therefore is DENIED.

IT IS SO ORDERED this 17th day of May, 2021.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge