## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SHAWN E. DENT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-18-159-G** |
| | ) | |
| **BNSF RAILWAY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is a Motion in Limine to Prohibit All Collateral-Source Evidence (Doc. No. 69) filed by Plaintiff Shawn E. Dent.  Defendant BNSF Railway Company has responded (Doc. No. 119), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq.  The matter is set on the Court's May 2021 jury-trial docket.

### I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted).  Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted).  "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.     *Plaintiff's Motion*

In his Motion, Plaintiff requests that the Court preclude Defendant from referring to or offering evidence of "any disability benefits, retirement benefits, loans, insurance benefits or any other collateral source benefits that Plaintiff has received or to which Plaintiff may become entitled to receive in the future." Pl.'s Mot. at 1. Defendant concedes the request for exclusion but argues that Plaintiff is unclear as to what evidence he wishes to have excluded. *See* Def.'s Resp. at 1-2.

The collateral-source rule prescribes that "a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source." *FDIC v. United Pac. Ins. Co.*, 20 F.3d 1070, 1083 (10th Cir. 1994) (internal quotation marks omitted); *accord Green v. Denver & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995) ("The . . . rule allows a plaintiff to seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part for the loss.").

> The rationale is two-fold: (1) "public policy favors giving the plaintiff a double recovery rather than allowing a wrongdoer to enjoy reduced liability simply because the plaintiff received compensation from an independent source" and (2) the rule encourages maintenance of insurance because it "assur[es] a plaintiff's payments from a collateral source will not be reduced by a subsequent judgment." *Green*, 59 F.3d at 1032 (citations omitted).

> Basing its decision on Supreme Court precedent established in *Eichel v. N.Y. Cent. R.R. Co.*, 375 U.S. 253 (1963), the Tenth Circuit has held that the collateral source rule "prohibits admission of [Railroad Retirement Act

2

> ("RRA")] benefits in a FELA case."  *Id.* at 1032-33 (citing *Eichel*, 375 U.S.
> 253).  In *Eichel*, the Supreme Court held that such a rule was appropriate
> because "the likelihood of misuse by the jury clearly outweighs the value of"
> the evidence of collateral source income.  *Eichel*, 375 U.S. at 254; *see also*
> Fed. R. Evid. 403 (requiring exclusion of evidence, even if relevant, "if its
> probative value is substantially outweighed by the danger of unfair
> prejudice").  The Court went on to say that "receipt of collateral social
> insurance benefits involves a substantial likelihood of prejudicial impact."
> *Id.*  The Tenth Circuit has also noted that collateral source benefits cannot be
> considered even in mitigation of damages.  *Green*, 59 F.3d at 1033 (citing
> *Eichel*, 375 U.S. at 254).

*Jackson v. BNSF Ry. Co.*, No. 06-cv-00802, 2008 WL 410591, at *1 (D. Colo. Feb. 13, 2008) (alterations in original) (granting FELA plaintiff's motion to exclude evidence of benefits received under the RRA).

The Court agrees with Plaintiff that the collateral-source rule applies here to exclude reference to compensation or indemnity from any independent source for the injuries alleged by Plaintiff in this lawsuit.  Unless Plaintiff himself opens the door to introduction of such collateral-source payments, such evidence must be excluded.  *See id.* at *2-3.

## CONCLUSION

Accordingly, Plaintiff's Motion in Limine to Prohibit All Collateral-Source Evidence (Doc. No. 69) is GRANTED.  To any extent there is a dispute as to whether certain items of evidence may be presented or whether certain payments are associated with the relevant injuries, the Court will consider those specific objections at trial.

IT IS SO ORDERED this 17th day of May, 2021.

CHARLES B. GOODWIN
United States District Judge