UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-18-159-G |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Now before the Court is a Motion in Limine to Prohibit Evidence Concerning When Plaintiff Hired an Attorney (Doc. No. 70) filed by Plaintiff Shawn E. Dent. Defendant BNSF Railway Company has responded (Doc. No. 104), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

I.   Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II. Plaintiff's Motion

In his Motion, Plaintiff argues that "[a]ny testimony" as to when and why he hired any attorney is "protected by the attorney-client privilege, the right to seek counsel and the public policy favoring full representation." Pl.'s Mot. at 1 (citing Missouri state-court decisions). Plaintiff additionally argues that such evidence, as well as evidence of when he filed suit against Defendant, is irrelevant. *See id.* Defendant objects that the attorney-client privilege applies only to communications, not to the fact of attorney retention, and that the timing of Plaintiff's hiring of an attorney is admissible and relevant to the issue of Plaintiff's damages and mitigation thereof. *See* Def.'s Resp. at 1-3.

To the extent Plaintiff's hiring of an attorney "do[es] not reflect any confidential communication, the subject would not be barred by the attorney-client privilege." *Smith v. BNSF Ry. Co.*, No. CIV-08-1203-D, 2011 WL 13176827, at *3 (W.D. Okla. Sept. 13, 2011). Further, Defendant's Response plausibly shows that the fact of Plaintiff's hiring of counsel following the train collision might be relevant at trial. *See id.*; Def.'s Resp. at 1-2; *cf. Romero v. Helmerich & Payne Int'l Drilling Co.*, No. 15-cv-00720, 2017 WL 3268878, at *2 (D. Colo. Aug. 1, 2017) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." (internal quotation marks omitted)).

## CONCLUSION

Accordingly, Plaintiff's Motion in Limine to Prohibit Evidence Concerning When

Plaintiff Hired an Attorney (Doc. No. 70) is DENIED.  The Court, however, shall permit specific, reasoned objections to such evidence to be raised at trial and shall consider them on their merits.

IT IS SO ORDERED this 17th day of May, 2021.

CHARLES B. GOODWIN
United States District Judge