UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-18-159-G |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion in Limine Regarding Contributory Fault (Doc. No. 71) filed by Plaintiff Shawn E. Dent. Defendant BNSF Railway Company has responded (Doc. No. 118), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

I.   *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

   II.   *Plaintiff's Motion*

In this Motion, Plaintiff seeks to prohibit Defendant from presenting any testimony from Defendant's witnesses on the issue of contributory negligence. *See* Pl.'s Mot. at 1.

Plaintiff argues, first, that a stipulation of an FSAA violation filed by Defendant precludes Defendant from raising a defense of contributory negligence. *Id.*; *see* Def.'s Stipulation (Doc. No. 63) at 1 (stating "on July 3, 2017 a violation of the [FSAA] occurred, causing an unintended emergency braking application"). Plaintiff additionally argues that such testimony must be excluded because Defendant declined to assess employee discipline against Plaintiff in regard to the incident and because assumption of the risk is not a defense available to Defendant in a FELA case. *See* Pl.'s Mot. at 2.

At the hearing of May 11, 2021, and in their Combined Agreed Final Pretrial Report of May 12, 2021 (Doc. No. 200), the parties agreed and represented to the Court that Plaintiff is no longer pursuing a general negligence claim under FELA. Defendant concedes that it may not assert contributory negligence as a defense to Plaintiff's remaining FSAA claim. *See* Def.'s Resp. at 4. Thus, Defendant has offered and the Court sees no reason why such contributory negligence evidence would remain relevant given the narrowing of the claims in this lawsuit.

## CONCLUSION

Accordingly, Plaintiff's Motion in Limine Regarding Contributory Fault (Doc. No. 71) is GRANTED.

IT IS SO ORDERED this 17th day of May, 2021.

                                                  CHARLES B. GOODWIN
                                                  United States District Judge