UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN E. DENT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. CIV-18-159-G |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

Now before the Court is a Motion in Limine Regarding Mitigation of Damages (Doc. No. 74) filed by Plaintiff Shawn E. Dent. Defendant BNSF Railway Company has responded (Doc. No. 106), and the Motion is now at issue.

In this action, Plaintiff brings claims against Defendant for injuries related to a train collision on July 3, 2017, pursuant to: (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq.; and (2) the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq. The matter is set on the Court's May 2021 jury-trial docket.

    I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.  Plaintiff's Motion

In this Motion, Plaintiff seeks exclusion of all testimony regarding his "alleged failure to mitigate damages." Pl.'s Mot. at 1.  Plaintiff argues that there is no evidence that he is a malingerer or "symptom magnifier" and that a failure to mitigate damages is an affirmative defense on which Defendant bears the burden of proof. *Id.*  Plaintiff also states that Defendant has presented no evidence that "Plaintiff turned down a position offered by Defendant (no job has ever been offered by Defendant)" or that appropriate jobs are available for Plaintiff. *Id.* at 2.  Further, Plaintiff contends, "A showing that Plaintiff failed to seek employment 'does not alone suffice to justify a mitigation instruction; the Defendant must also show that *appropriate jobs were available.*'" *Id.* at 1-2 (quoting *Ahlf v. CSX Transp., Inc.*, 386 F. Supp. 2d 83, 92 (N.D.N.Y. 2005)).

Defendant first responds that Plaintiff's arguments regarding his employment are factually baseless, as Plaintiff has returned to work with BNSF in the same position he held prior to the incident.  *See* Def.'s Resp. at 1.  Defendant further argues that it will present evidence regarding Plaintiff's ability to work and the availability of jobs and that there are relevant factual determinations regarding Plaintiff's post-incident efforts that must be made by the jury.  *See id.* at 2.

In a similar context, Judge DeGiusti of this Court explained:

> Although Mr. Smith correctly notes that lack of mitigation is an affirmative defense on which BNSF bears the burden of proof and there must be sufficient evidence to warrant submission of a mitigation instruction to the jury, it is premature to assert the argument prior to trial.  Whether the

2

evidence is adequate to support a mitigation instruction is an issue properly asserted in connection with a jury instruction conference; prior to trial, the Court cannot assess the sufficiency of the evidence.  Mr. Smith may assert this argument in connection with the Court's determination of the instructions to be given to the jury.  The motion is denied to the extent it seeks a pretrial ruling on the sufficiency of the evidence.

To the extent Mr. Smith attempts, prior to trial, to exclude any evidence of his alleged failure to mitigate damages, his motion also must fail.  Mitigation of damages is a proper issue in a FELA case; as the Tenth Circuit has stated in the context of a FELA claim:

> An unemployed plaintiff who is able to look for work does not satisfy his duty to mitigate by waiting passively for employment to be offered.  The opportunity to mitigate is not merely the opportunity to accept a job, but the opportunity to seek appropriate work when one is able to do so.  If that opportunity is shown to have existed, the issue of mitigation should not normally be prevented from reaching a properly instructed jury.

*Wieczorek v. Southern Pacific Transp. Co.*, 1998 WL 314365, at *2 (10th Cir. June 4, 1998) (unpublished opinion) (quoting *Wilson v. Union Pac. R.R.*, 56 F.3d 1226, 1232 (10th Cir. 1995)).

> . . . . BNSF apparently intends to offer evidence that job positions were available which Mr. Smith was capable of performing despite his claimed physical limitations.  These are issues to be determined at trial.  Whether the conduct of a plaintiff in mitigating FELA damages was a "reasonable effort in the circumstances" is a question of fact for the jury. *Wieczorek*, 1998 WL 314365, at *2 (citing *Trejo v. Denver & Rio Grande W. R.R.*, 568 F. 2d 181, 184 (10th Cir. 1977)).  Mr. Smith's motion is denied.

*Smith v. BNSF Ry. Co.*, No. CIV-08-1203-D, 2011 WL 13176827, at *4 (W.D. Okla. Sept. 13, 2011).

Here, likewise, prohibiting the introduction of any evidence related to Plaintiff's mitigation of damages would be premature and improper.

## CONCLUSION

Accordingly, Plaintiff's Motion in Limine Regarding Mitigation of Damages (Doc. No. 74) is DENIED.

3

IT IS SO ORDERED this 17th day of May, 2021.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
United States District Judge