# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAWN E. DENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-18-159-G |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BRANDON SMITHWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-18-160-G |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before this Court is Defendant's Motion to Strike (No. CIV-18-159, Doc. No. 206; No. CIV-18-160, Doc. No. 247). Plaintiffs have responded and Defendant has replied.

In its Motion, Defendant requests that the Court prevent Plaintiffs' proposed witness Chad Kirkbride from testifying in the trial of these consolidated cases. Plaintiffs first identified Mr. Kirkbride in their witness lists filed August 23, 2019. Plaintiffs did not include Mr. Kirkbride in the Final Pretrial Report of March 10, 2020, the Amended Final Pretrial Report of March 18, 2020, or the Combined Agreed Final Pretrial Report of April

22, 2021.¹ Plaintiffs also did not identify Mr. Kirkbride in responding to certain discovery responses of Defendant that asked for the names of employees of Defendant and others with knowledge of Plaintiffs' claims or of the incident at issue.

Plaintiffs have now identified Mr. Kirkbride as a witness on the Combined Agreed Final Pretrial Report ("the CAFP Report"). This last report was not filed until May 12, 2021, in anticipation of a trial to begin on May 18, 2021. Defendant objects that Plaintiffs' omission of Mr. Kirkbride for over a year from their signed representation of their positions amounted to a withdrawal of this witness and that allowing him to testify with such tardy notice would be unduly prejudicial to Defendant.

The Court finds that Defendant's objection is well taken. Because Plaintiffs submitted, multiple times, a pretrial report that did not indicate any intent to present Mr. Kirkbride and sought the Court's approval of that report to govern the conduct of this trial, it was reasonable for Defendant to understand that Plaintiffs had withdrawn that witness. *Cf.* LCvR 16.1(c)(2) ("When approved by the assigned judge, the Final Pretrial Report shall constitute an order of the court as to all matters contained therein."); LCvR App. IV (noting on the final pretrial report template that the parties' submission must include the language: "Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them."). Further, Plaintiffs offer no explanation as to Mr. Kirkbride's reappearance less than one week prior to trial.

---

¹ Defendant, however, included Mr. Kirkbride on its own witness list in the two March 2020 final pretrial reports.

Finding that Defendant had "fair notice" of Plaintiffs' intent to present Mr. Kirkbride at trial "would require the Court to attribute an uncanny level of prescience to Defendant." *Auraria Student Hous. at Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-cv-02516, 2014 WL 2933189, at *2 (D. Colo. June 30, 2014). "[K]nowledge of the existence of a person is distinctly different from knowledge that the person will be relied upon as a fact witness." *Id.*

Accordingly, the Court finds that it would be unduly prejudicial to permit Plaintiffs to now present Mr. Kirkbride as a witness at trial. Defendant's Motion to Strike (No. CIV-18-159, Doc. No. 206; No. CIV-18-160, Doc. No. 247) is GRANTED. The parties' CAFP Report of May 12, 2021, is hereby deemed amended at page 63 to exclude Mr. Kirkbride from Plaintiffs' witnesses in chief.

IT IS SO ORDERED this 17th day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge