# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SHAWN E. DENT,                )
                             )
    Plaintiff,           )
                             )
v.                           )    No. CIV-18-159-G
                             )
BNSF RAILWAY COMPANY,        )
                             )
    Defendant.           )

---

BRANDON SMITHWICK,           )
                             )
    Plaintiff,           )
                             )
v.                           )    No. CIV-18-160-G
                             )
BNSF RAILWAY COMPANY,        )
                             )
    Defendant.           )

## <u>INSTRUCTIONS TO THE JURY</u>

Instruction No. ___

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. Now that you have heard the evidence, it is also my duty to explain to you the rules of law that you must follow and apply in arriving at your verdict.

These instructions contain all the law that may be applied by you and the rules by which you should weigh the evidence and determine the facts at issue. In reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you. You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

2

Instruction No. __2__

## THE ISSUES IN THE CASE

As you were instructed during jury selection, the parties to this case are the Plaintiffs, Shawn E. Dent and Brandon Smithwick, and the Defendant, BNSF Railway Company.

Plaintiffs have filed complaints against Defendant seeking compensation for injuries that they allege occurred while they were employed by Defendant. They bring their claims under the Federal Safety Appliance Act, or "FSAA." This federal law governs injuries sustained by railroad employees who claim injury at work.

In an FSAA case, a railroad employee must prove the violation of the FSAA. The employee also must show that the injuries he or she claims were caused by the violation of the FSAA.

The parties agree that both Plaintiffs were employees of BNSF Railway and were engaged in the normal course of employment on July 3, 2017. Plaintiffs claim they were injured on July 3, 2017, when the train they were operating experienced an unintended emergency brake application near Marland, Oklahoma. Upon inspection, the train was found to be intact except for separated air brake hoses between the first and second railcar. Plaintiffs allege that the emergency braking caused the train to experience slack action, where one train car experiences free

movement before it transmits its motion to an adjoining coupled car. Due to the alleged slack action, both Plaintiffs allege injury.

Defendant has stipulated that a violation of the FSAA occurred as the air hoses between adjoining train cars were found separated after the incident. Defendant denies, however, that the violation caused or contributed to Plaintiffs' injuries. Defendant contends that the forces encountered by Plaintiffs when the train went into emergency braking mode were minimal and not sufficient to cause the injuries claimed by Plaintiffs. Furthermore, Defendant contends that both Plaintiffs' injuries preexisted the incident and that they have failed to mitigate their damages.

Instruction No. _3_

## **BURDEN OF PROOF**

In a civil lawsuit such as this one, the law provides which party is to prove certain things to you.  This is called the "burden of proof."

When I say that a party has the burden of proof on any proposition by a preponderance of the evidence, or use the expression "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The preponderance of the evidence does not mean the greater number of witnesses testifying to a fact but what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense, has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you may consider the testimony of all the witnesses, regardless of who called them, and all exhibits received into evidence, regardless of who produced them.

Instruction No. _4_

## **EVIDENCE—DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and all facts that have been admitted or stipulated.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Instruction No. _5_

## EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts that point to the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in the case, you are permitted to draw reasonable inferences from the testimony and exhibits that you feel are justified in light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts that have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

Instruction No. _6_

## CREDIBILITY OF WITNESSES

In deciding the facts, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. You should take into consideration the witness's means of knowledge, strength of memory, and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony. You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Instruction No. _7_

## WITNESS—IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something that is inconsistent with the witness's present testimony.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

Instruction No. __8__

## **TESTIMONY – DEPOSITIONS**

During the trial, certain testimony was presented to you by way of written or video depositions. You are instructed that you are not to discount testimony just because it comes to you in the form of a deposition. Deposition testimony admitted into evidence is entitled to the same consideration, and the same judgment on your part with respect to its weight and value, as is the testimony of witnesses who have taken the stand here in open court.

Instruction No.  9

## **EXPERT WITNESSES**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas.  Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise.  The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

Instruction No. __10__

## CORPORATION AS PARTY

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

Defendant is a corporation and can act only through its officers and employees. Any act or omission of an officer or employee while acting within the scope of his or her employment is the act or omission of Defendant.

Instruction No. 11

## **INDEPENDENT CLAIMS**

Each of Plaintiff Shawn E. Dent and Plaintiff Brandon Smithwick is asserting a claim for damages against Defendant under the Federal Safety Appliance Act, or "FSAA," for personal injuries alleged to have been suffered as a result of Defendant's violation of the FSAA. Although their claims have been presented in a single trial due to some common evidence, each Plaintiff's claim is independent of the other Plaintiff's claim and must be decided on its own merit. If you find that Plaintiff Shawn E. Dent has proven all of the elements of an FSAA claim, you must find in his favor on his claim against Defendant; if not, you must find in favor of Defendant on that claim. Likewise, if you find that Plaintiff Brandon Smithwick has proven all of the elements of an FSAA claim, you must find in his favor on his claim against Defendant; and if not, you must find in favor of Defendant on that claim. You may find in favor of both Plaintiffs, only one Plaintiff, or neither Plaintiff.

Instruction No. 12

## ELEMENTS OF CLAIM BASED ON THE FEDERAL SAFETY APPLIANCE ACT

To prevail on a FSAA claim, a plaintiff must prove by a preponderance of the evidence that:

1. The defendant violated the FSAA;

2. This violation of the FSAA caused, in whole or in part, an injury to the plaintiff;

3. At the time of the violation and injury, the defendant was a railroad engaged in interstate commerce; and

4. At the time of the violation and injury, the plaintiff was an employee of the defendant and acting in furtherance of the defendant's business.

With respect to the first element, the parties have stipulated (or agreed) that on July 3, 2017, Defendant violated the FSAA. Specifically, the parties agree that air hoses between two railcars failed to remain coupled, causing the train Plaintiffs operated to experience an unintended emergency braking application.

With respect to the third element, the parties have stipulated that at all times in question Defendant was a railroad engaged in interstate commerce.

With respect to the fourth element, the parties have stipulated that on July 3, 2017, both Plaintiff Shawn E. Dent and Plaintiff Brandon Smithwick were employees of Defendant acting in furtherance of Defendant's business.

14

The parties dispute only the second element: whether Defendant's violation of the FSAA (the uncoupling of air hoses that resulted in an unintended breaking application) was a cause of Plaintiffs' respective injuries and consequential damages. If you find from a preponderance of the evidence that this violation of the FSAA caused an injury to Plaintiff Shawn E. Dent or Plaintiff Brandon Smithwick, you must find in favor of that Plaintiff on his claim against Defendant.

Instruction No. 13

## CAUSATION—GENERALLY

For purposes of this action, damage is said to be caused by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. If you should find from the evidence in the case that Defendant's violation of the FSAA contributed in any way toward any injury or damage suffered by either or both Plaintiffs, you may find such injury or damage was caused by Defendant's violation of the FSAA.

This does not mean the law recognizes only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a cause for the purpose of determining liability.

Instruction No. 14

## **INAPPLICABLE LAWS OR PRINCIPLES**

You may be familiar with laws or legal principles that may apply in similar factual situations but do not apply in this case.

This is not a negligence case. Plaintiffs are not required to prove that Defendant acted negligently in order to prevail on their FSAA claims. Likewise, whether Plaintiffs' own negligence contributed to their injury (a concept sometimes referred to as "contributory negligence") is not a defense to Plaintiffs' FSAA claims.

This is not a state-law workers' compensation case, where liability of the employer is generally assumed. In order to prevail on their FSAA claims, Plaintiffs must prove all of the elements of an FSAA claim as listed above.

In making your decisions in this case, you should disregard any laws or legal principles that are not expressly set forth in my instructions to you, and base your decisions solely on the law as I instruct it to be.

Instruction No. __15__

## EFFECT OF INSTRUCTION REGARDING DAMAGES

I will now instruct you as to the standards to apply in determining damages. The fact that I will instruct you as to the proper measure of damages should not be considered by you as intimating any view of mine as to which party in this litigation is entitled to a favorable verdict. Instructions as to the measure of damages are given for your guidance in the event you find in favor of one or both Plaintiffs.

Instruction No. __16__

## DAMAGES FOR INJURY TO EMPLOYEE DENT

If you find in favor of Plaintiff Shawn E. Dent, then you must award Mr. Dent such sum as you find by the preponderance of the evidence will fairly and justly compensate Mr. Dent for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the train incident of July 3, 2017. You should consider the following elements of damages:

1. The physical pain and mental suffering Mr. Dent has experienced and is reasonably certain to experience in the future;

2. The nature and extent of Mr. Dent's injury, whether the injury is temporary or permanent, and whether any resulting disability is partial or total, including any aggravation of a preexisting condition;

3. The present value of reasonably necessary medical care and supplies reasonably certain to be received by Mr. Dent in the future;

4. The earnings Mr. Dent has lost to date.

You may not include in your award any sum for mental suffering caused by this lawsuit.

You may not include in your award any sum for court costs or attorney fees.

Instruction No. 17

## DAMAGES FOR INJURY TO EMPLOYEE SMITHWICK

If you find in favor of Plaintiff Brandon Smithwick, then you must award Mr. Smithwick such sum as you find by the preponderance of the evidence will fairly and justly compensate Mr. Smithwick for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the train incident of July 3, 2017.  You should consider the following elements of damages:

1. The physical pain and mental suffering Mr. Smithwick has experienced and is reasonably certain to experience in the future;

2. The nature and extent of Mr. Smithwick's injury, whether the injury is temporary or permanent, and whether any resulting disability is partial or total, including any aggravation of a preexisting condition;

3. The present value of reasonably necessary medical care and supplies reasonably certain to be received by Mr. Smithwick in the future;

4. The earnings Mr. Smithwick has lost to date and the present value of earnings Mr. Smithwick is reasonably certain to lose in the future;

5. The reasonable value of household services that Mr. Smithwick has been unable to perform to date and the present value of household services that Mr. Smithwick is reasonably certain to be unable to perform in the future.

You may not include in your award any sum for mental suffering caused by

20

this lawsuit.

You may not include in your award any sum for court costs or attorney fees.

Instruction No. 18

## **AGGRAVATION OF PREEXISTING CONDITIONS**

If you find for Plaintiff Shawn E. Dent and/or Plaintiff Brandon Smithwick, you should compensate said Plaintiff for any aggravation of an existing disease or physical defect resulting from such injury.

If you find that there was an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

Instruction No. __19__

## **REASONABLENESS OF DAMAGES**

Damages must be reasonable.  You are not permitted to award speculative damages.  You must not include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

Instruction No. 20

## **INCOME TAX EFFECTS OF AWARD**

Plaintiffs will not be required to pay any federal or state income taxes on any amount that you award.  When calculating lost earnings, if any, you should use after-tax earnings.

Instruction No. __21__

## PRESENT VALUE OF FUTURE LOSS

If you find that Plaintiff Shawn E. Dent and/or Plaintiff Brandon Smithwick is reasonably certain to lose earnings in the future or to incur medical expenses in the future, you must determine the present value in dollars of such future damage. The award of future damages necessarily requires payment be made now in one lump sum, and the Plaintiff will have the use of the money now for a loss that will not occur until some future date. You must decide what those future losses will be and make a reasonable adjustment for the present value.

Instruction No. **22**

## MITIGATION OF DAMAGES

It is the duty of any person who has been injured to use reasonable diligence and reasonable means, under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries.  Accordingly, Plaintiffs must make every reasonable effort to minimize or reduce their damages for loss of compensation by seeking employment.  This is referred to as "mitigation of damages."  Defendant must prove by a preponderance of the evidence that the Plaintiff or the Plaintiffs failed to mitigate their damages for loss of compensation.

If you should find that either Plaintiff failed to take advantage of a business or employment opportunity that was reasonably available to that Plaintiff under all the circumstances shown by the evidence, then you should reduce the amount of that Plaintiff's damages by the amount that the Plaintiff could have reasonably realized if the Plaintiff had taken advantage of such opportunity.

Specifically, if you determine that either Plaintiff is entitled to lost compensation, you must reduce his loss by:

1.  What the Plaintiff earned; and

2.  What the Plaintiff could have earned by reasonable effort during the period from his injury until the date of trial.

The Plaintiff must accept employment that is "of a like nature."  In

determining whether employment is "of a like nature," you must consider:

    a.  The type of work;

    b.  The hours worked;

    c.  The compensation;

    d.  The job security;

    e.  The working conditions; and

    f.  Other conditions of employment.

You must decide whether the Plaintiff acted reasonably in not accepting a particular job. If you determine the Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from his failure to do so.

You must not compensate a Plaintiff for any portion of his loss of compensation resulting from his failure to make reasonable efforts to reduce his loss of compensation.

Instruction No. **23**

## <u>CLOSING</u>

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. The stipulations and the exhibits admitted into evidence will also be placed in the jury room for your review.

If any of you have cell phones or similar devices with you, you are instructed to be certain they are turned off and then to turn them over to the bailiff as you enter the jury room. They will be held by the bailiff for you and returned to you during any lunch break, or similar period where you are not deliberating, and when deliberations are completed. The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to avoid any question of outside contact during your deliberations.

You will note from the oath about to be taken by the bailiff that during the course of your deliberations, the bailiff, as well as other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which

your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. You must not use any method of chance in arriving at your verdict. Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

Remember at all times, you are judges—judges of the facts. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right. You should not let sympathy, sentiment, or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial and conscientious manner under your oaths and return such verdict as evidence warrants under these instructions.

The forms of all possible verdicts will be sent to the jury room with you, along with these written instructions of the Court. I suggest you study the verdict forms early in your deliberations so you know what you must decide.

Your deliberations will be secret. You will never have to explain your verdict to anyone. The verdict of the jury in this case must be unanimous, which means that each juror must agree on it. It is your duty, as jurors, to consult with one another

29

and to deliberate with a view to reaching an agreement, if that can be done without disregard of individual judgment.

When you have reached a decision, the foreperson will fill in, date, and sign the verdict form. Notify the bailiff by a written note to the Court when you have agreed on a verdict.

If you need to communicate with me during your deliberations, the foreperson should write and sign the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Signed this 28th day of May, 2021.


CHARLES B. GOODWIN
United States District Judge